**Motion granted, Appeal Dismissed and Memorandum Opinion filed January 4, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00581-CV

---

**LEWIS COOK, Appellant**

**V.**

**HARRIS COUNTY, ET AL., Appellees**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-17514**

---

### MEMORANDUM OPINION

This is an appeal from a post-judgment order signed June 20, 2023, denying appellant's request to withdraw excess proceeds from the trial court's registry pursuant to Section 34.04 of the Texas Tax Code. The record reflects the request was made following a January 4, 2022 sale of real property and the deposit of excess funds with the trial court clerk on February 1, 2022.

On December 12, 2023, appellees filed a motion to dismiss the appeal, on the

basis that the appealed-from order is not a final judgment or order, but is rather an unappealable interlocutory order. The basis of their argument is that the trial court's order was signed less than two years after the underlying property was sold. More than ten days have elapsed since the motion was filed, and appellant has not filed any response.

Appellees' argument centers on Section 34.04 of the Texas Tax Code. That provision governs claims for excess proceeds from the tax sale of property, and requires that claims for excess proceeds be filed "before the second anniversary of the date of the sale of the property." Tex. Tax Code Ann. § 34.04(a). Post-judgment orders that deny claims for excess funds and that are signed before that two-year anniversary are not final orders, as such orders do not resolve property rights to any of the underlying proceeds. *See Baldwin v. Harris Cnty.*, No. 01-19-00235-CV, 2020 WL 2026366, at *3 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.). We therefore conclude that the order appellant purports to appeal from is interlocutory and unappealable. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (acknowledging the general rule that "interlocutory orders are not immediately appealable").

We dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices Hassan, Poissant, and Wilson.

2